JONES, JUDGE:
J. J. Melrose filed this claim on May 9, 1973. Thereafter he died and Mark A. Melrose qualified as Executor of his estate on September 4, 1974. At the hearing had on July 30, 1975, the claim was revived in the names of Mark A. Melrose, Executor of the Estate of J. J. Melrose, deceased, and Frank R. Melrose, successor in title to the real estate involved by devise from his father.
Damages are claimed to a barn located on a 300 acre farm near Mineral Wells in Wood County. The barn, 40 feet x 70 feet in size, built in 1969 with a concrete block first floor set on a concrete footer and haymow of- wooden construction, was moved to its present location in 1964 or 1965. It was set on solid ground approximately four to five feet south of the toe of a slope extending 120 feet, more or less, from Sycamore Road, a gravel road serving about twenty families. At a low place in the road back of the barn a culvert had been plugged and out of use for several years and water was permitted to stand in the ditchlines. A slip became apparent in 1971 and during that year the road dropped about a foot, at which time the claimants notified the respondent, Department of Highways, of the impending hazardous condition. Each time the road subsided the respondent would dump in rock and fill material, adding weight to the already unstable area. Since 1971 the center-line of the road has moved southward about 15 feet, indicating the extent of the slide which developed to a width of about 150 feet at its base. The slide finally reached and pushed in the rear wall and lowered the northeast portion of the barn about 18 inches. Subsequent to the damage complained of the respondent *58 installed a new culvert, but it discharges water upon the slide area which may induce further movement. The claimants have dug an open ditch in an attempt to divert water from the barn.
The respondent produced no witnesses at the hearing and from the testimony of witnesses for the claimants we can only conclude that the respondent has not exercised reasonable care and diligence in the maintenance of this road, and thereby has created and permitted to continue a landslide of sufficient size to cause the damages described by the claimants.
A witness for the claimants, a civil engineer with many years of experience in construction, testified that the difference in fair market value of the barn before and after the damage was the sum of $3,000.00. We consider this a reasonable figure and, therefore, an award in the amount of $3,000.00 hereby is made to Mark A. Melrose, Executor of the estate of J. J. Melrose, deceased, and Frank R. Melrose, as their respective interests may appear.
Award of $3,000.00.